IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02689-REB-KLM

MAUREEN MARTIN,

    Plaintiff,

v.

DIANA MILNER,
RUSSELL ELLIS, and
KIMBERLY THOMPSON,

    Defendants.
_____

**ORDER DIRECTING PLAINTIFF TO MAKE
MONTHLY FILING FEE PAYMENT OR TO SHOW CAUSE**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    On January 24, 2008, plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 [Docket No. 7]. Section 1915(b)(2) of 28 U.S.C. requires that a prisoner "shall make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account," provided the prisoner's account exceeds $10.00. This provision requires the prisoner to make the payment at the time her account is credited, before the prisoner engages in other, discretionary spending. *Harris v. Colo. Dep't of Corr.*, No. 00-N-1066, 2000 WL 33193816, at *1 (D. Colo. Dec. 19, 2000) (unpublished decision).

    In the Order granting plaintiff leave to proceed *in forma pauperis*, plaintiff was instructed to either make the required monthly payments or to show cause **each month**

why she has no assets and no means by which to make the monthly payment.[1] In order to show cause, plaintiff was also directed to file a certified copy of her inmate trust fund account statement. Plaintiff was warned that a failure to comply with the requirements of § 1915(b)(2) would result in the dismissal of this civil action. On February 6, 2008, the Court reminded plaintiff of her obligation to the pay a portion of the filing fee each month or show cause why she cannot [Docket No. 9].

On April 1, 2008, plaintiff filed an inmate trust account statement which reflected a total income of $30.80 and an end of month balance of $21.35 for March 2008 [Docket No. 18]. However, Plaintiff failed to make a payment toward her filing fee of 20% of her income as she is required to do whenever her account balance exceeds $10.00 at the end of a month. Therefore, on or before **May 5, 2008**, Plaintiff is ordered to pay into the Court registry **$6.16** (20% of $30.80) for the income reported in her March 2008 account statement.

It is not acceptable for plaintiff to meet her monthly obligations only when specifically called upon by the Court through an order to pay or show cause. Such a procedure unreasonably burdens the Court. Consequently, hereafter I will require plaintiff, by the **15th day** of **each** month starting in May, and without any further notice from or order of the Court, either to make the required monthly payment for each preceding month or to file a certified copy of her inmate trust fund account statement for the preceding month demonstrating that she has no assets and no means by which to make the monthly

---

[1] Plaintiff was also ordered to pay a initial partial filing fee of $2.00 [Docket No. 7], but that Order was later withdrawn [Docket No. 9].

payment. Plaintiff is further advised that making purchases at the canteen in lieu of making her required monthly payments fails to demonstrate good cause for her nonpayment. *See Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (noting that "when a prisoner has sufficient income to pay a monthly partial filing fee and instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required partial payments"). If plaintiff fails hereafter to comply with this requirement in any month prior to the date on which the filing fee is paid in full, I will recommend that the case be dismissed for failure to comply with this Order and with the Order allowing plaintiff to proceed *in forma pauperis*.

IT IS **ORDERED** that on or before **May 5, 2008**, plaintiff shall pay into the Court registry **$6.16** for the income reported in her March 2008 account statement.

IT IS FURTHER **ORDERED** that by the **15th day** of **each** month starting in May, plaintiff shall either make the required monthly payment for each month or file a certified copy of her inmate trust fund account statement for the month demonstrating that she is not required pursuant to 28 U.S.C. § 1915(b)(2) to make a monthly payment. Furthermore, if payment is made for the preceding month, in order to verify that the appropriate amount is being paid, the plaintiff must file a certified copy of her trust fund account statement for that month. The civil action number should be noted on all payments as well as on any trust fund statements that are filed with the court.

IT IS FURTHER **ORDERED** that if plaintiff fails to comply with this order, the complaint and this civil action may be dismissed without further notice.

DATED: April 22, 2008.

BY THE COURT:

 s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge